UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
CHANA TAUB, *pro se*,

        Plaintiff,

  -against-

JUSTICE CAROLYN E. DEMAREST,

        Defendant.
------------------------------------------------------------x

**SUMMARY ORDER**

10-CV-815 (CBA)

**DORA L. IRIZARRY, United States District Judge:**

Before the court is *pro se* plaintiff's request for a temporary restraining order and preliminary injunction.[1] The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order. However, for the reasons set forth below, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against the presiding judge in her divorce actions before the Matrimonial Part of Kings County Supreme Court, Justice Carolyn E. Demarest. *See Taub v. Taub*, Index No. 6919/08 and *Taub v. Taub*, Index No. 26534/07. The gravamen of plaintiff's complaint is that, "[o]n March 7, 2008, [Justice] Demarest granted Simon Taub's *ex parte* request for a restraining order prohibiting [plaintiff] from obtaining an order of protection in Family Court, without first applying to [Justice Demarest] . . . ." (Compl. at 1.) Plaintiff claims that the order issued by Justice Demarest, and other acts, violate her "due process rights" and "civil rights." In terms of relief, plaintiff requests a preliminary injunction barring Justice Demarest "from taking any further action in Supreme Court for Taub v. Taub cases,

---

[1] The undersigned is handling this matter as the Miscellaneous Judge on duty in the assigned Judge's absence.

1

Index No. 26534/07, and 6919/08, and/or any other case affecting [her]." (Compl. at 9.) Plaintiff also seeks a total of $13 million in monetary damages against Justice Demarest. *Id.*

## DISCUSSION

In reviewing the complaint, the court is mindful that the complaint, filed *pro se*, should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), however, a district court must dismiss an *in forma pauperis* action when it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for money damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). In addition, the Federal Courts Improvement Act ("FCIA"), bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Jones v. Newman*, 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999); *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

The alleged acts committed by Justice Demarest were performed in her judicial capacity in connection with plaintiff's ongoing divorce proceedings which appear to have been properly brought in state court. As such, Justice Demarest is absolutely immune from plaintiff's suit. Moreover, plaintiff does not allege that Justice Demarest violated a declaratory decree or that declaratory relief is unavailable to her. Therefore, plaintiff's claim for injunctive relief is also

foreclosed. For these reasons, the complaint is hereby dismissed in its entirety as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as "frivolous" when it is clear that the defendants are immune.") (internal quotations omitted).

## CONCLUSION

Plaintiff's complaint filed *in forma pauperis* is dismissed with prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 23, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge